612 P.2d 552

**The STATE of Idaho,
Plaintiff-Appellant,**

v.

**Al GRIFFITH, Defendant-Respondent.**

**No. 12842.**

Supreme Court of Idaho.

June 10, 1980.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., John F. Dutcher, Sp. Deputy Atty. Gen., Boise, for plaintiff-appellant.

Iver J. Longeteig, Boise, for defendant-respondent.

BISTLINE, Justice.

Under the provisions of I.A.R. 11(c)(3), the State appeals from a district court decision dismissing a grand larceny information, on defendant Griffith's I.C. § 19–815A motion.[1] The appeal record contains the transcript of the preliminary hearing, with the magistrate's totally conclusory statement that "the State has established probable cause."

The district court made two separate reviews of the transcript of the preliminary hearing, and rendered a five page memorandum decision which is in the appeal record. The record also provides us with the exhibits which were presented at the preliminary hearing.

The defendant's motion to dismiss presented the district court with the rather monumental task of reviewing the magistrate's determination without the benefit of even an inkling of the rationale of the magistrate's decision-making process.[2] Nonetheless, the district court did so, making a painstaking review of the record before it, extracting therefrom the facts which the evidence tended to establish, and also delineating that evidence which seemed essential, but which was missing.

The court then made an analysis of applicable law, and, applying the law to the facts he found by his thorough review of the

---

1. In spite of the concern apparently felt by the dissent, this case does not involve an appeal from the magistrate court to the district court, followed by another appeal to this Court. This is an appeal solely from the district court's decision granting defendant's motion to dismiss.

2. By comparison, see *Rufener v. Shaud*, 98 Idaho 823, 827 n.2, 573 P.2d 142, 146 n.2 (1977) (Bistline, J., dissenting), for a summary of Judge Granata's analytical review of the evidence and the law leading to his finding of probable cause. As pointed out in that case, the prosecutor himself obtained an *ex parte* dismissal, and Judge Granata's efforts were not reviewed on an I.C. § 19–815A motion.

record, held that the information in district court should be dismissed.

The State's brief cites under points and authorities forty cases (none of which are from Idaho), two sections of the Idaho Code, three Court rules, two commentaries to court rules, five treatises, three annotations, three references to Am.Jur.2d, two references to C.J.S., and one reference to Corpus Juris—but nowhere in the argument portion of this brief is there any discussion of this awesome array of authority; nowhere is there presented any argument illustrating or attempting to illustrate any error in the district court's carefully thought out findings and conclusions. Apparently it is believed that this Court will plow the same field which the trial court has already not only plowed, but disked and harrowed. This we decline to do.

."It is well settled, and we have often said, that the judgment of a trial court is presumed to be correct and the one appealing therefrom must make an affirmative showing of error. A reviewing court cannot be expected to prosecute independent inquiry for some error upon which an appellant could possibly rely." *Spriggs v. Copenhaver*, 459 P.2d 203, 203 (Wyo.1969).

Similarly, it has long been a rule of this Court that error is not presumed, and appellant bears the burden of showing wherein the district court erred. *Mahaffey v. State*, 87 Idaho 233, 236, 392 P.2d 423, 424 (1964); *Clear v. Marvin*, 86 Idaho 87, 92, 383 P.2d 346, 349 (1963); *Byington v. Horton*, 61 Idaho 389, 397, 102 P.2d 652, 655 (1940).

The district court order dismissing the information is affirmed.

DONALDSON, C. J., concurs.

McFADDEN, J., concurs in the result.

1. "[I.A.R.] 11. APPEALABLE JUDGMENTS AND ORDERS.—An appeal as a matter of right may be taken to the Supreme Court from the following judgments and orders:

.     .     .     .

"(c) Criminal Proceedings. From the following judgments and orders of the district court

BAKES, Justice, dissenting:

After reviewing the record made at the preliminary hearing, it is my conclusion that the magistrate did not abuse his discretion in binding the defendant over to district court for trial on the charge of grand larceny. I must also express my disagreement with the majority's comments regarding the degree of specificity required in the magistrate's decision to bind the defendant over for trial and the deference this Court must give the district court's review of the magistrate's action in binding the defendant over for trial.

At the preliminary hearing, the state is not required to prove the accused's guilt beyond a reasonable doubt. It need only establish that a crime was committed and that there is probable cause to believe that the defendant committed it. *O'Neill v. State*, 92 Idaho 885, 452 P.2d 989 (1969); I.C. §§ 19–804 and –815. The decision of a magistrate that there exists probable cause to bind the defendant over to district court for trial on a charge should be overturned only upon a showing that the committing magistrate abused his discretion. *State v. O'Mealey*, 95 Idaho 202, 506 P.2d 99 (1973); *Carey v. State*, 91 Idaho 706, 429 P.2d 836 (1967).

The state's appeal in this case is authorized by I.A.R. 11(c)(3).[1] It is this Court's duty to examine the record on appeal to determine whether the magistrate abused his discretion in binding the defendant over to district court. The majority, however, is apparently not inclined to do so. My examination of the transcript of the preliminary hearing shows that the state presented evidence which, if believed by the magistrate, amply supports his decision to bind defendant Griffith over for trial on a charge of grand larceny.

The evidence indicates that Griffith was doing business in Idaho in 1975 as Standard

in a criminal action, whether or not the trial court retains jurisdiction:

.     .     .     .

"(3) An order granting a motion to dismiss an information or complaint.

.     .     .     .     ."

American Oil Company and that Griffith had business dealings with both Gulf Oil Corporation and Galey Construction Company, at whose site the pipe which was the subject of the alleged larceny was stored. The testimony was undisputed that the pipe at all times belonged to Gulf Oil. In January, 1975, Griffith arranged to sell the pipe to J. T. Moseley of Texas American Oil Company for $14,230.20. Griffith at no time disclosed to Moseley that the pipe belonged to Gulf. Griffith received payment for the pipe sections from Texas American Oil Company in February, 1975, by way of a check payable to Standard American Oil Company. Gulf Oil Corporation never received payment from Griffith, Texas American Oil Company, or any other party for the pipe sections.

The pipe was loaded onto trucks hired by defendant Griffith by a Galey employee who testified that he did so in the presence of Griffith and while under the mistaken impression that Griffith was a Gulf Oil employee. The Galey employee stated that he was to unload or load Gulf's pipe stored at the Galey site whenever Gulf desired. Another Galey employee testified that Gulf Oil Corporation had never authorized removal of the pipe from the Galey yard. Gulf employees testified that no one empowered to order sale of Gulf assets had authorized disposition of the pipe sections. Testimony by a Gulf Oil Corporation investigator and an Ada County deputy sheriff showed that during their investigation of the transaction involving the Gulf pipe sections defendant Griffith had made three inconsistent explanations for his actions in arranging sale of the pipe to Texas American Oil Company and receiving payment for it. Upon this evidence the magistrate concluded as follows:

"Very well, well we're all aware of the purpose of this hearing is to determine whether the state has a probable cause and I feel based upon the record of these proceedings the state has established probable cause and I am going to bind the defendant over to district court to answer the charge."

The defendant moved in district court to dismiss the information against him on the grounds that the magistrate erred in binding him over for trial on the charge of grand larceny. The district court ruled that the defendant was held to answer without probable cause to believe that he had committed the crime of grand larceny. In a memorandum decision the district court asserted that

"by some means not revealed in the record, permission to remove the pipe was obtained from the corporate owner through an agent with authority to give such permission. Thus, it is clear that no trespass was committed in removal of the pipe."

Focusing on the common law distinctions between larceny, embezzlement, and obtaining property by false pretenses, the district court concluded that because there was some evidence that a Gulf Oil Corporation employee, Robert Maxwell, may have connived with Griffith to pilfer Gulf's pipe stored in Boise, the record was "completely devoid of any evidence which would support the conclusion that defendant's participation made the offense larceny rather than embezzlement or obtaining property by false pretenses." However, at least one Gulf official, E. B. Houston, testified that Maxwell had no authority to approve disposition of the pipe. There is, in fact, no evidence that Maxwell, regardless of his authority to do so, ever authorized a sale of the pipe by Griffith.

My examination of the record reveals no support for the district court's conclusion that Griffith obtained permission by a Gulf agent with authority to give such permission to sell the Gulf pipe sections. Further, even if it be assumed that there had been a witness who testified unequivocally that Griffith had Gulf's permission to remove the pipe from the Galey storage site, there is testimony in the record that no one authorized by Gulf to consent to the sale of the assets had given defendant permission to move the pipe. The discretion afforded a magistrate in making a decision whether to bind a defendant over for trial on the charges in the information clearly permits

the magistrate to believe some witnesses and disbelieve others. As noted, at a preliminary hearing the minimum standard of proof is less stringent than the conviction standard of beyond a reasonable doubt. The standard at the preliminary hearing is whether the evidence is sufficient to lead a reasonable person to believe that the accused probably or likely committed the offense charged. *See Carey v. State, supra.* The evidence presented at the preliminary hearing was sufficient to support the magistrate's finding of probable cause that Griffith committed the crime of grand larceny. The district court erred in concluding that the magistrate abused his discretion in binding the defendant over for trial.

I must also take issue with the majority opinion's criticism of the magistrate's "totally conclusory statement that the State has established probable cause." There can be no uncertainty about what the magistrate concluded when he stated that 'the state has established probable cause.'" The magistrate's order followed substantially the form required by I.C. § 19–815.[2] How can a magistrate be criticized for following the statute? There is no statutory or case law supporting the majority's criticism of the magistrate's decision.

Finally, I must disagree with the majority's assertion that the district court's review and reversal of the magistrate's decision to bind the defendant over for trial is presumptively correct. The cases cited by the majority on page 553 of its opinion support the proposition that the tribunal making the initial decision is afforded the presumption of regularity. Here, the magistrate made the initial factual finding of probable cause and *that* decision is entitled to the presumption of correctness in this Court, not the district court's review and reversal of the magistrate's decision.

This Court is in as good a position as was the district court to review the cold record of the preliminary hearing and to determine whether there did exist a basis for the magistrate's finding of probable cause. It is, in fact, our duty to review that record.

The rule of law stated in the majority opinion that error is not to be presumed supports our upholding on appeal the magistrate's decision to bind the defendant over for trial. Where the district court reviews a record under I.C. § 19–815A, it acts essentially as an intermediate court of appeals. On appeal to a state's highest court from an intermediate appellate court, the issue before the supreme court is whether the trial court erred. *See, e. g., Murphy v. Messerschmidt,* 68 Ill.2d 79, 11 Ill.Dec. 553, 368 N.E.2d 1299 (1977); *Voss v. Kingdon & Naven, Inc.,* 60 Ill.2d 520, 328 N.E.2d 297 (1975); *Toneatti v. Bartelamis,* 364 Mass. 832, 304 N.E.2d 573 (1973); *Kupkowski v. Avis Ford, Inc.,* 395 Mich. 155, 235 N.W.2d 324 (1975); *Lane—The Real Estate Dept. Store, Inc. v. Lawlet Corp.,* 28 N.Y.2d 36, 319 N.Y.S.2d 836, 268 N.E.2d 635 (1971); *Young v. Duffield,* 152 W.Va. 283, 162 S.E.2d 285 (1968). This Court should independently review the decision of the magistrate which was reviewed in district court. *See, e. g., Union Oil Co. of California v. Dept. of Revenue,* 560 P.2d 21 (Alaska 1977); *Frontier Saloon, Inc. v. Short,* 557 P.2d 779 (Alaska 1976).

I would reverse the district court's decision to dismiss the criminal information lodged against defendant Griffith.

DUNLAP, J. Pro Tem., concurs.

---

2. "19–815. HOLDING DEFENDANT TO ANSWER.—If, after hearing the evidence adduced at the preliminary examination, the magistrate finds that a public offense has been committed, and that there is probable or sufficient cause to believe the defendant guilty thereof, the magistrate shall enter an order holding the defendant to answer to said public offense, which order shall be substantially as follows: 'It appearing to me that the offense set forth in the complaint (or any offense, according to the evidence presented at the preliminary examination, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe the within named A.B. guilty thereof, I order that he be held to answer the same.'"