814 P.2d 39

STATE of Idaho, Plaintiff–Respondent,

v.

Freddie Burt WILCOX,
Defendant–Appellant.

No. 18994.

Court of Appeals of Idaho.

July 29, 1991.

Alan E. Trimming, Ada County Public Defender; Amil N. Myshin, Jr., Sr. Trial Atty., for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

On November 7, 1990 Freddie Burt Wilcox filed a notice of appeal from a judgment of conviction for driving without privileges. He simultaneously filed a motion requesting the district court to reconsider the sentence and the order relinquishing jurisdiction. The motion was denied, leaving intact Wilcox's three year sentence, with one-year fixed and two-years indeterminate. Wilcox asserts that the district court abused its discretion in three respects: (1) by imposing a harsh and excessive sentence, (2) by declining jurisdiction and probation, and (3) by denying his motion for reconsideration. We affirm the judgment of the district court imposing the sentence and the order refusing to modify the sentence.

Pursuant to a plea agreement, Wilcox pled guilty to felony driving without privileges, and the state moved to dismiss a second count of failure to maintain insurance. The district court ordered a presentence investigation, and subsequently entered a judgment of conviction, retaining jurisdiction for a period of 120 days.

Wilcox could have received a three-year fixed sentence for the felony of

**140**

driving without privileges. I.C. § 18–8001(1)–(4). Consequently, his unified sentence of one year determinate and two years indeterminate is within the statutory limits. A legal sentence will not be disturbed except where a clear abuse of discretion has been shown. *State v. Adams,* 106 Idaho 309, 678 P.2d 101 (Ct.App.1984).

The presentence report discloses Wilcox's prior convictions, including, in addition to other convictions of driving without privileges, driving while under the influence of alcohol, theft, and bad check convictions. Four unsuccessful attempts at probation are also noted, with four violations reported in two years. The presentence investigators concluded that Wilcox was therefore a bad risk for probation. The evaluators who prepared a report for the court following the period of retained jurisdiction indicated that Wilcox denied any problem with alcohol, made no provisions in his probation plan for alcohol treatment, and, accordingly, was not suited to a probation program. The district judge was not assured that Wilcox would refrain in the future from driving, or drinking, and he determined that incarceration was appropriate.

Our review of a district court's sentencing discretion requires that we consider the sentencing objectives set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct. App.1982). If a sentence appears necessary to accomplish the sentencing objectives, it is deemed reasonable. *Id.* Under the facts and circumstances in this case, we conclude that Wilcox's sentence was not unduly harsh or excessive.

Wilcox next argues that it was an abuse of discretion for the district judge to deny his I.C.R. 35 motion to reconsider both his sentence and the order relinquishing jurisdiction. The court's choice between imprisonment and probation is a discretionary decision. *State v. Hathaway,* 111 Idaho 844, 727 P.2d 1272 (Ct.App.1986). If the trial court has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19–2521, refusal to retain jurisdiction will not be viewed as an abuse of the court's discretion. *State v. Toohill, supra.* Similarly, a motion to reduce a legally imposed sentence is addressed to the sound discretion of the court. *State v. Araiza,* 109 Idaho 188, 706 P.2d 77 (Ct.App.1985). On review of the district court's ruling on the motion, we examine the information already in the record and the facts presented with the motion to determine whether discretion was abused in failing to grant the leniency requested. *State v. Marchant,* 115 Idaho 403, 404, 766 P.2d 1284, 1285 (Ct.App.1989), *citing State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App. 1987).

Wilcox contends that the district judge overemphasized his prior record, giving too little weight to his good conduct and efforts during the period of retained jurisdiction. However, the district judge considered the recommendation of the jurisdictional review committee and dropped jurisdiction. It is also noteworthy that, contemporaneous with the proceedings in this case, Wilcox was being sentenced for a probation violation. In this case, the district court had ample reason to reject probation and order that Wilcox serve the sentence pronounced upon him.

We hold that the sentencing decisions of the district court in Wilcox's case are well grounded. We find no abuse of discretion and therefore affirm.