846 P.2d 249

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gonzalo Sandoval SALGADO, Defendant–Appellant.**

**No. 20043.**

Court of Appeals of Idaho.

Feb. 4, 1993.

Fuller Law Office, Greg J. Fuller, Twin Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Gonzalo Salgado pled guilty to and was convicted of delivering cocaine, a violation of I.C. § 37–2732(a)1(A). For this offense he was sentenced to serve ten years in the custody of the Board of Correction, including a minimum period of three years' incarceration. Salgado sought a reduction of his sentence under I.C.R. 35, which the district court denied. On appeal, Salgado

argues that the court erred by declining to grant probation, by imposing an excessive sentence, and by refusing to grant his request for reduction. For the reasons given below, we affirm.

Salgado first argues that in choosing to impose a sentence of incarceration instead of probation, the court failed to properly consider and apply the applicable statutory criteria. He also contends that the court should have allowed him to demonstrate his potential for rehabilitation by placing him in the retained jurisdiction program at NICI. We disagree. If a sentencing court has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19-2521, refusal to grant probation or to retain jurisdiction for further evaluation is not an abuse of discretion. *State v. Wilcox*, 120 Idaho 139, 140, 814 P.2d 39, 40 (Ct.App.1991); *State v. Beebe*, 113 Idaho 977, 751 P.2d 673 (Ct.App.1988). In this case, the transcript from the sentencing hearing clearly demonstrates that the sentencing court identified and applied the applicable criteria when it decided against probation. The court explained:

> I have to examine certain factors in favor of granting probation and factors against granting probation. As I analyze those various criteria, and because of the seriousness of this offense, because a lesser sentence would depreciate the seriousness of the defendant's crime, because imprisonment would provide appropriate punishment and deterrent to this defendant, because imprisonment would provide an appropriate deterrent for the other persons in the community, the court determines that probation at this time is not an appropriate alternative.

The court noted that Salgado was a person who could be rehabilitated, but that the competing objectives of protecting society, general and special deterrence, and punishment, weighed against granting probation. Accordingly, we conclude that the court did not abuse its discretion by deciding to impose a term of incarceration.

Salgado next argues that his sentence was excessive. Unless the sentence imposed exceeds the maximum period allowed by statute, a term of confinement challenged on grounds of excessiveness will be upheld if reasonable under the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982); *State v. Morrison*, 119 Idaho 229, 804 P.2d 1360 (Ct.App.1991). A sentence is reasonable if it appears at the time of sentencing that confinement was necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). In reviewing the reasonableness of a sentence, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19-2513; *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). For Salgado, this period is three years. Thus, to establish that his sentence was excessive, he must show that his sentence was unreasonable under any reasonable view of the facts. *State v. Small*, 107 Idaho 504, 690 P.2d 1336 (1984). In examining a sentence for reasonableness, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young*, 119 Idaho 510, 808 P.2d 429 (Ct.App.1991); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

The record before the court at the time of sentencing reveals that on November 7, 1991, Salgado delivered five ounces—approximately 142 grams—of cocaine to an undercover police officer. Salgado had no prior felony record and his only other convictions were for traffic violations. The presentence investigation report indicated that he had maintained steady employment up to the time of his arrest, and that he had no problems with alcoholism or drug abuse. However, although Salgado's history was not troublesome to the sentencing court, the court viewed the crime Salgado committed to be especially serious given the large volume of cocaine involved. This conclusion is supported by the record. The testimony presented at the sentencing hearing indicated that the five ounces of cocaine

would yield between 1,410 and 2,820 dosages. We also note that under recent legislation, a person delivering this amount of cocaine would be guilty of "trafficking in cocaine," a crime warranting a mandatory minimum sentence of not less than three years' confinement, without the possibility of probation. *See* I.C. § 37–2732B(2), (7) *as added by* 1992 Idaho Sess.Laws, ch. 336, § 1, p. 1005. Although this statute was not in effect at the time Salgado committed his offense and therefore was not binding on the sentencing court, we nonetheless consider the views expressed by the legislature as a strong indication of the seriousness of Salgado's offense and the reasonableness of the sentence imposed.

From the facts presented, we cannot say that the court's decision to impose a sentence of three years' confinement was unreasonable. Accordingly, Salgado has not established that the district court abused its discretion when it originally sentenced him to a term of three years' incarceration.

■ Finally, we address Salgado's assertion that the district court erroneously denied his Rule 35 motion. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). A motion for reduction is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The criteria for examining rulings denying the leniency requested are the same as those applied in determining whether the original sentence was reasonable. *Id.* If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Hernandez*, 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). If he fails to make this showing, we cannot say that the denial of the motion represents an abuse of discretion. *Id.*, 121 Idaho at 117, 822 P.2d at 1014.

■ Salgado's motion to reduce was made as a plea for leniency and based, at least in part, on affidavits from two of his close friends who swore Salgado did not have a history of drug use or drug dealing. Salgado contends that the court abused its discretion by failing to allow a hearing in which these affiants could testify. It is well established that the decision whether to conduct a hearing on a Rule 35 motion is discretionary with the district court. A court abuses that discretion when it unduly limits the information considered in deciding the motion. *State v. James*, 112 Idaho 239, 731 P.2d 234 (Ct.App.1986); *State v. Hoffman*, 112 Idaho 114, 730 P.2d 1034 (Ct.App.1986). No such undue limitation occurred here. Although the court decided the motion without holding a hearing, it did allow Salgado to present his information in the form of affidavits. If Salgado wished the court to examine additional information, it was up to him to present it with his motion. Having reviewed the information submitted in connection with the Rule 35 motion, we conclude that the district court did not abuse its discretion in denying the request for reduction.

The judgment of conviction imposing a ten-year unified sentence, including a fixed period of three years in confinement, is affirmed. The order denying the Rule 35 motion is also affirmed.

SWANSTROM and SILAK, JJ., concur.