864 P.2d 644

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terrence James MATTHEWS,
Defendant–Appellant.**

**No. 19693.**

Court of Appeals of Idaho.

Nov. 16, 1993.

David Lee Posey, Payette, argued for defendant-appellant.

Larry EchoHawk, Atty. Gen. and L. Lamont Anderson, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Terrence James Matthews appeals from the judgments convicting him of two counts of lewd conduct with a minor, I.C. § 18–1508, and two counts of sexual abuse of a child, I.C. § 18–1506. He also challenges the order sentencing him to an aggregate term of fifteen years with a minimum period of confinement of five years. For the reasons explained below, we affirm.

## I. FACTS

The charges in this case stem from allegations that Matthews had sexual contact with children, "C.M.," an eight-year old girl, and "L.O.," a girl who at the time was ten. The two girls babysat for Matthews' younger children at his residence during the summer of 1989. C.M. claimed that on two occasions upon his return home, Matthews had put his hand down her underwear and inserted his finger into her vagina. During the second of those encounters, Matthews also unzipped his trousers and grabbed C.M.'s hand, forcing it down his pants. L.O. reported that in the summer of 1989, Matthews put his hand down the back of her pants and touched her "bottom" while she and C.M. were babysitting. L.O. recounted another, similar incident which occurred the following spring. Neither girl disclosed the events until several months later when C.M., prompted by a dream, disclosed the incidents to her parents. Upon her disclosure, C.M.'s father called L.O.'s mother, who then confronted L.O. about Matthews' conduct.

Based upon the girls' statements, the state filed an Information charging Matthews with two counts of lewd conduct with a minor, allegedly committed against C.M.; and two counts of sexual abuse of a child, allegedly committed against L.O. Matthews was found guilty on all four counts following a trial before a jury. The district court imposed four identical, concurrent sentences of fifteen years, with a minimum period of five years' incarceration. This appeal followed.

## II. ISSUES

Matthews challenges several of the court's evidentiary rulings, asserting that the court erred in (A) admitting evidence of Matthews' prior sexual misconduct with another child; (B) failing to give a timely instruction limiting the use of evidence of

the prior acts; (C) admitting expert testimony from Carol Sorini on the subject of common behavior among child-abuse victims; (D) refusing to grant the requested sanction of excluding evidence, where the state had failed to timely respond to a discovery request; and (E) permitting Marie Bledsoe, L.O.'s counselor, to opine that the alleged victim had in fact been sexually abused.

Matthews also asserts that the trial court erroneously denied his motion for a judgment of acquittal; that the court erred in permitting his attorney to continue to represent him after learning of the attorney's potential conflict of interest; and that the district court abused its discretion when it sentenced him to a fixed term of five years and refused to grant probation. We address these issues in turn.

### III. EVIDENTIARY RULINGS

**A. The trial court did not erroneously admit evidence of prior uncharged misconduct.**

▮ Matthews challenges the district court's decision to admit evidence of prior uncharged misconduct. The state offered testimony of a third girl, "A.A.", who claimed that in the fall of 1986, when she was eleven years old, Matthews twice had reached into her sleeping bag, put his hand down her underwear and inserted his finger into her vagina. Over Matthews' objection, the court admitted the testimony for the limited purpose of establishing Matthews' criminal intent.

▮ Generally, evidence of other crimes, wrongs or acts is inadmissible to show a defendant's criminal propensity or guilt of the crime charged. I.R.E. 404(b); *State v. Pizzuto*, 119 Idaho 742, 810 P.2d 680 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 495 (1992), *and overruled on other grounds by State v. Card,* 121 Idaho 425, 825 P.2d 1081 (1991); *State v. Needs,* 99 Idaho 883, 591 P.2d 130 (1979). However, such evidence may be admitted if offered for some purpose, other than propensity, relevant to a material issue in the case, such as the defendant's knowledge, identity, plan, preparation, opportunity, motive, intent and the absence of mistake or accident. *See* I.R.E. 404(b); *Pizzuto,* 119 Idaho at 750–51, 810 P.2d at 688–89. Though relevant, the evidence still may be excluded if the trial court concludes that the threat of unfair prejudice substantially outweighs its probative value. I.R.E. 403; *Pizzuto,* 119 Idaho at 751, 810 P.2d at 688–89. Thus, in order to admit evidence of other crimes, wrongs or acts, the trial court must first determine that the evidence is relevant to a material issue, other than propensity. If the evidence is deemed relevant, the court must, in the exercise of its discretion, determine whether the probative value of the evidence is substantially outweighed by the danger of causing unfair prejudice to the defendant. I.R.E. 403; *State v. Moore,* 120 Idaho 743, 819 P.2d 1143 (1991); *Pizzuto,* 119 Idaho at 751, 810 P.2d at 688–89.

▮ Whether evidence is relevant presents an issue of law. *See* I.R.E. 401 *and* 402; *State v. Raudebaugh,* 124 Idaho 758, 864 P.2d 596 (1993), *petition for review pending; State v. Maylett,* 108 Idaho 671, 674, 701 P.2d 291, 294 (Ct.App.1985) (Burnett, J., concurring). Thus, in considering a trial court's decision to admit evidence of prior misconduct, the appellate court exercises free review of the trial judge's determination that the evidence was admissible under I.R.E. 404(b).

▮ However, the lower court's conclusion that the probative value of the evidence is not outweighed by its unfair prejudice—the second part of the analysis under I.R.E. 403–is reviewed under an abuse of discretion standard. *State v. Rhoades,* 119 Idaho 594, 809 P.2d 455 (1991); *State v. Medrano,* 123 Idaho 114, 844 P.2d 1364 (Ct.App.1992). Under that standard, the appellate court inquires (1) whether the district court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v.*

*Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989).

In the instant case, A.A.'s testimony was relevant to proving intent and therefore admissible as an exception to the prohibition of "bad acts" evidence provided by I.R.E. 404(b). The record reflects that Matthews' intent was a central issue at trial, particularly in defending against counts three and four of the Information which charged Matthews with sexually abusing L.O. by touching her buttocks. At trial Matthews testified that he "didn't touch [L.O.] intentionally in the pants," but that he may have accidently touched her while "snuggling."

Matthews argues that the district court nonetheless erred in failing to apply I.R.E. 403 in deciding whether the testimony ought to be excluded. The record on this point, however, suggests the opposite to be the case. Before ruling to admit the evidence, the district judge observed:

> [T]he court has to do two things, first of all determine whether it is relevant for those purposes.... And the second thing that the Court has to do is then to determine whether the probative value of that outweighs the anticipated unfair prejudice, the danger of unfair prejudice that would result by the introduction of that evidence.

Thus, it is clear the trial court understood that it was required to exercise its discretion and the legal standards applicable to that exercise of discretion. Although the record does not contain specific findings showing the relative weights which the court assigned to the probative and prejudicial aspects of A.A.'s testimony, it does reflect that the court found the proffered testimony to be of "high probative value" on the issue of Matthews' specific intent. It further shows that the court viewed the uncharged misconduct as "not too remote in time" to be of value to the jury. Contrary to Matthews' suggestion, the fact that the court made no express statements concerning the obvious prejudicial impact

of A.A.'s testimony does not demonstrate that the court failed to perform its requisite "weighing" function. *See State v. Zimmerman*, 121 Idaho 971, 829 P.2d 861 (1992).

Based upon the foregoing, we conclude that Matthews has failed to show that the district court erred in admitting A.A.'s testimony. Accordingly, that decision will not be disturbed on appeal.

**B. Matthews has not demonstrated that the court's failure to give a timely limiting instruction constituted reversible error.**

■ Matthews further contends that, even if the evidence was admissible, the court's failure to adequately instruct the jury on its limited use constituted reversible error. The Idaho Rules of Evidence provide that "[w]hen evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." I.R.E. 105. The record in this case shows that after deciding to admit A.A.'s testimony, the court indicated to counsel that it would instruct the jury on the limited purpose of the evidence. However, the court inadvertently failed to give any cautionary instruction at the time A.A. took the witness stand, and did not attempt to admonish the jury until A.A. had almost completed her testimony. At that time, the court advised the jury that the testimony was being "offered only for a limited purpose and you can only consider it for a limited purpose,"[1] but neglected to inform the jury what that limited purpose was. Nonetheless, in its final instructions to the jury, the court provided a complete statement on the purpose and the permissible use of the evidence.

Matthews does not take issue with the correctness of the court's final cautionary instruction. Rather, he asserts it was giv-

---

1. At Matthews' specific request, the court agreed to make no reference to the impermissible purpose of the evidence, evidently for the reason that such a reference might heighten the prejudice rather than avert it.

en too late in the proceedings to retroactively limit the purpose for which the jury would consider the evidence, and thus was ineffective to cure the unfair prejudice already caused. However, there is nothing in the record indicating that Matthews brought the problem to the attention of the trial judge during A.A.'s testimony, when the errors could have easily been remedied and the claimed prejudice averted. Nor has Matthews shown that the untimeliness of the limiting instruction constituted fundamental error. Therefore, we affirm the trial court on this issue.

### C. The trial court did not err in admitting expert testimony on the subject of behavioral traits common to child-abuse victims.

■ Matthews asserts that the trial court erred in the admission of testimony from Carol Sorini, a child-abuse counselor and therapist. He does not dispute that Sorini was a qualified expert in the field of child sex-abuse. Rather, he maintains that the court erred in permitting her to testify to the fact that young victims of sexual abuse frequently give inconsistent accounts of the abuse they have experienced and the reasons for such inconsistent reports. Matthews argues that such testimony was not a proper subject for expert opinion and that it improperly interfered with the fact-finding role of the jury.

■ Rule 702 of the Idaho Rules of Evidence provides that, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." I.R.E. 702. Thus, as indicated by the rule, the role of an expert is to provide testimony on subjects that are beyond the common sense, experience and education of the average juror. In *State v. Hester* our Supreme Court observed that the behavior patterns of young victims of incest or molestation fall into that category. 114 Idaho 688, 694,

760 P.2d 27, 33 (1988), *citing State v. Lindsey,* 149 Ariz. 472, 720 P.2d 73 (1986).

Similarly, in *State v. Lawrence,* 112 Idaho 149, 730 P.2d 1069 (1987), the Court addressed the propriety of allowing an expert to testify concerning the reporting delays associated with victims of sexual abuse, particularly where the defendant raises the fact of delay in an attempt to impeach an alleged victim's credibility. Ruling that the expert testimony on this type of conduct is admissible, the Court explained:

> A child may have difficulty articulating the reasons for his behavior. The state presented the expert testimony to show that victims of sexual abuse sometimes delay reporting such incidents due to feelings of fear or guilt. The testimony was narrowly circumscribed. The expert offered no opinion as to whether the children in this case had been abused. To the contrary, the expert openly acknowledged that he had not examined the children. His testimony was based on twenty years of personal experience as an administrator and therapist for a county mental health program. During his career, he had been involved with three to four hundred victims of child sexual abuse. As the district judge properly noted, this experience gave the expert information not within the common knowledge of lay persons.

*Lawrence,* 112 Idaho at 154, 730 P.2d at 1079.

■ In this case, Matthews had attacked the credibility of both alleged victims during cross-examination by showing inconsistencies in their various disclosures. The state offered Sorini's testimony to explain to the jury that victims of multiple acts of sexual abuse, particularly child victims, often find it difficult to accurately recall and relate the specific details of their abuse. Applying the rationale of the Court's holding in *Lawrence,* we conclude that the issue of whether a child's conduct in relating the details of his or her sexual abuse is consistent with the behavior of other sexually abused children is a matter beyond the common experience of the jury, and was

thus a proper subject of testimony by a qualified expert.

■ We also reject Matthews' assertion that Sorini's testimony was irrelevant because she had not interviewed the alleged victims. The state presented Sorini as an expert on the conduct of child-abuse victims generally. The witness did not purport to give any opinion as to whether the children in this particular instance had been sexually abused, and thus her personal knowledge of their cases was not required. *See Lawrence,* 112 Idaho at 154, 730 P.2d at 1079.

Matthews' appellate brief lists several additional errors in the admission of Sorini's testimony which we do not address, either because Matthews did not properly raise them below or because he has not provided any argument to support his claims on appeal. *State v. Griffith,* 101 Idaho 315, 612 P.2d 552 (1980); *State v. Burris,* 101 Idaho 683, 619 P.2d 1136 (1980). Accordingly, we find no error in the trial court's admission of Sorini's testimony.

### D. The state's failure to respond to a discovery request did not require the exclusion of Sorini's testimony.

■ Matthews also asserts that the district court should have excluded Sorini's testimony altogether on the ground that the state failed to respond to the defense's pre-trial request for "all opinions expected to be expressed by [Sorini] relevant to this case, and the foundation upon which each opinion was based." The state neither objected to this request, nor did it provide the information sought.[2] At the time of trial, the defense moved in limine to exclude Sorini's testimony on the ground that the state had failed to comply with I.C.R. 16(b), which requires that the prosecution dis-

close certain information to the defense upon written request. Matthews argued that without the requested information, he could not adequately prepare to cross-examine that witness.[3] Declining to exclude the testimony, the court ordered that the state provide counsel with a copy of Sorini's resume and then granted a brief recess.

■ On appeal, Matthews contends that the state's failure to comply with his discovery request required that the court exclude Sorini's testimony. This proposition is not well taken. The choice of an appropriate sanction for failure to comply with a discovery request is within the discretion of the trial court, and the trial court's exercise of that discretion is beyond the purview of a reviewing court unless it has been clearly abused. *State v. Barton,* 119 Idaho 114, 118, 803 P.2d 1020, 1024 (Ct.App.1991), *citing State v. Marek,* 112 Idaho 860, 868, 736 P.2d 1314, 1322 (1987), *quoting State v. Buss,* 98 Idaho 173, 174, 560 P.2d 495, 496 (1977). Here, we note that Matthews did not seek an order to compel discovery when the state failed to comply with his discovery request, under I.C.R. 16(j). In light of Matthews' failure to pursue this remedy, we are not persuaded that the district court abused its discretion in choosing not to exclude Sorini's testimony.

### E. Matthews failed to preserve the alleged error of admitting Marie Bledsoe's testimony.

■ Matthews also assigns error to the admission of testimony from Marie Bledsoe, the therapist who had been counseling L.O. for sexual abuse. The record reflects that the state offered Bledsoe "as an expert therapist qualified to counsel and to diagnose victims of sex abuse." After putting a series of questions to the witness,

---

**2.** On appeal, the state asserts that the request, insofar as it sought to obtain the witness' opinions, went beyond the scope of I.C.R. 16. However, because the state failed to timely object to the request, it waived any later objection to the propriety of the request. *I.C.R. 16(e)(2).*

**3.** We note, however, that while excluding Sorini's testimony is a permissible sanction where

the state has failed to comply with a discovery request, *see* I.C. § 19–1309(7) *and* I.C.R. 16, it was not the only remedy available to the defense. Matthews could have requested a continuance in order to obtain and review any information he was entitled to receive. However, no continuance was sought.

Matthews objected to qualifying her as an expert the ground of "foundation," without specifying the perceived shortcomings of the witness. The court overruled the objection, finding that Bledsoe possessed the requisite education and training, and admitted her as "an expert in the field of therapy and counseling." No challenge on appeal is made to this ruling. During her testimony Bledsoe stated that, "[i]f I feel that someone is telling me the truth, then I will follow a treatment plan that is particular for abuse victims. If I feel that they are not telling me the truth, then I would look into a diagnosis for compulsive liar or look for sources of why a child would say something like that." Bledsoe then testified that, in her opinion, L.O. had been sexually abused. On appeal, Matthews claims that this testimony constituted an improper comment on L.O.'s truthfulness and thus was inadmissible.

Our Supreme Court has recognized that an expert may give an opinion as to whether a child has been the victim of sexual abuse if a proper foundation has been laid. *See Hester*, 114 Idaho at 695, 760 P.2d at 34. However,

> [i]t should be remembered that to be a proper subject for expert opinion it is not enough an inference be "beyond common experience." The expert opinion must "assist" the trier of fact. That is, the inference must be one which an expert of a certain type is ... entitled to make as a matter of logic, expertise and law. Where an expert in a given field is not better equipped than a lay person to make that particular inference or if neither an expert nor a lay person is allowed to make that inference then the trier of fact is not "assisted" by hearing the expert's opinion and such testimony is inadmissible.

*Id., quoting Matter of Cheryl H.*, 153 Cal. App.3d 1098, 200 Cal.Rptr. 789 (1984). *See also State v. Allen*, 123 Idaho 880, 853 P.2d 625 (Ct.App.1993) (child abuse expert is not permitted to testify that child "was telling the truth"). Matthews argues that Bledsoe went beyond her role of "assisting" the jury, in that she had given her opinion that

L.O. was "telling the truth" about having been sexually abused. We note, however, that the only issue preserved by Matthews' objection "on foundation" was the question of Bledsoe's qualifications to testify as an expert witness—an issue not pursued on appeal. The witness was not offered to testify to L.O.'s truthfulness, nor did the court qualify her as an expert on that subject. Thus, it was incumbent upon Matthews either to raise an objection or a motion to strike at the time the allegedly inadmissible testimony was offered into evidence. *C.f., State v. Pruett*, 91 Idaho 537, 428 P.2d 43 (1967) (where objection at trial was directed to relevancy only, error predicated on other grounds could not be raised on appeal). Having failed to raise the issue before the trial judge, Matthews cannot raise it for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 824 P.2d 123 (1992). Therefore, we will not consider on appeal whether Bledsoe's opinion constituted inadmissible evidence.

## IV. SUFFICIENCY OF THE EVIDENCE

**The trial court properly denied Matthews' motion for a judgment of acquittal.**

We next address whether the district court erred in denying Matthews' motion for judgments of acquittal. The motion was made at the close of the state's case, under I.C.R. 29(a). This Rule provides that such a motion shall be granted "if the evidence is insufficient to sustain a conviction" on the offense or offenses charged. *Id.* A motion for acquittal will not be granted when the evidence is sufficient to sustain the conviction. *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981). Evidence is sufficient to sustain a conviction if there is substantial evidence upon which a rational trier of fact could conclude that the defendant's guilt as to each material element of the offense was proved beyond a reasonable doubt. *State v. Holder*, 100 Idaho 129, 594 P.2d 639 (1979); *State v. Hoffman*, 116 Idaho 480, 776 P.2d 1199 (Ct.App.1989). On review of the denial of a motion for a judgment of acquittal, the appellate court exercises free review of the record, taking all inferences in favor of

the state, to determine whether there is substantial evidence to support the challenged conviction. *State v. Printz*, 115 Idaho 566, 768 P.2d 829 (Ct.App.1989); *State v. Mata*, 107 Idaho 863, 693 P.2d 1065 (Ct.App.1984).

■ Matthews maintains that the state failed to prove that the acts testified to were committed "with the intent to gratify the sexual desire of himself," charged as an essential element of each of the four counts on which he was convicted. Specifically, he argues that the evidence presented was insufficient to overcome what he submits is a presumption that he, an adult married man and father, would not derive sexual pleasure from touching a child. We disagree. Whether the accused possessed the necessary intent to commit the offense is a question for the finder of fact. *State v. Bronson*, 112 Idaho 367, 732 P.2d 336 (Ct.App.1987). Where specific intent is an essential element of a crime, it is sufficient for the state to prove that intent by circumstantial evidence. *Id.*, 112 Idaho at 369, 732 P.2d at 338. "One's intent may be proved by his acts and conduct, and such is the usual and customary mode of proving intent." *Id.*, 112 Idaho at 369, 732 P.2d at 338, *quoting Ex parte Seyfried*, 74 Idaho 467, 470, 264 P.2d 685, 687 (1953).

The evidence in this case includes testimony from three children describing inappropriate touching by Matthews. In each instance, Matthews was said to have put his hand down the back of the child's pants and either touched the child's buttocks or put his finger in the child's vagina. From these facts, the jury was entitled to infer that, with respect to the touching alleged in the Information, Matthews acted with the required criminal intent. We hold the evidence was sufficient to support the convictions, and that the court properly denied Matthews' motion for judgments of acquittal.

## V. WITHDRAWAL OF COUNSEL

**The court did not err in permitting defense counsel to continue representing Matthews at trial.**

■ Matthews' final assertion of error is based on the fact that his attorney was present when, prior to trial, A.A. purportedly recanted her statement that Matthews had sexually abused her. When this fact came to light during the trial, the court called a recess to inquire into the possible conflict of interest on the part of Matthews' attorney and asked specifically whether the attorney intended to become a witness in the case. Matthews' attorney responded expressly and unequivocally that he would not be a witness. He explained to the court that because two other persons had also been present when A.A. recanted, they, and not he, would testify to the verbal exchanges. Based upon these representations, the district court permitted the proceedings to continue. Matthews' attorney did not take the witness stand.

On appeal, Matthews contends that the court erred in not forcing the attorney to withdraw from the case when it became apparent that the attorney would be able to impeach the prosecution witness with his own testimony. However, as the record clearly demonstrates, counsel did not seek to become a witness in this case and affirmatively represented to the court that his testimony was unnecessary and would not be offered. Accordingly, we find no error on the part of the trial judge. Whether Matthews' attorney *should* have become a witness for the defense was a tactical decision to be made by Matthews' trial counsel—not the court—and may be the subject of a claim of ineffective assistance of counsel. Because Matthews has indicated that he intends to pursue such claims in the future by way of an application for post-conviction relief, we will not address the issue in this direct appeal.

## VI. SENTENCING

**A. Matthews has not shown that his sentences are unreasonable.**

■ We turn next to the sentencing issues. The district court sentenced Matthews to five to fifteen years on each of his four convictions, ordering that the sentences run concurrently. Matthews main-

tains on appeal that imposition of a five-year minimum term of confinement was unduly harsh and represents an abuse of the trial court's sentencing discretion. Where, as here, the sentence is not illegal, the appellant has the burden of proving that it is unreasonable. *State v. Broadhead*, 120 Idaho 141, 144–45, 814 P.2d 401, 404–05 (1991), *overruled on other grounds, State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). A term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *Broadhead*, 120 Idaho at 145–46, 814 P.2d at 405–06; *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We will grant relief only if we conclude that, in light of the governing criteria, Matthews' sentences are unreasonable under any rational view of the facts. *See Broadhead*, 120 Idaho at 144–45, 814 P.2d at 404–05. In examining the reasonableness of a given sentence, we focus on the nature of the offense and the character of the offender. *See State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Matthews contends that because the instant convictions were his first, a fixed term of five years in confinement, without probation, was excessive. We disagree. Although Matthews does not have a record of prior convictions, the evidence discloses that he has a history of engaging in similar inappropriate sexual acts with young girls. In addition to the serious offenses committed against the two children for which he stands convicted in this case, a third girl, A.A., testified at trial that Matthews had sexually violated her when she was eleven. At the sentencing hearing, three adult women testified that when they were in their early and pre-teen years, Matthews had touched their vaginas and that these occurrences had continued for over a year. In respect to one of these individuals, the touching episodes continued over a three-year period, leading ultimately to weekly acts of intercourse. Given these facts and circumstances, we conclude that the period of confinement ordered by the district court was reasonable and did not constitute an abuse of discretion.

**B. The court did not err in refusing to grant probation or in declining to retain jurisdiction.**

Matthews also suggests that the court erred in refusing to grant his request for a suspended sentence and probation and in declining to retain jurisdiction to reconsider its decision. The court's choice between imprisonment and probation is a discretionary decision guided by the criteria set forth in I.C. § 19-2521. *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. app.1982); *State v. Wilcox*, 120 Idaho 139, 814 P.2d 39 (Ct.App.1991). Idaho Code § 19-2601(4) authorizes the district court to retain jurisdiction for a period of 120 days in order to permit a further evaluation of a defendant's suitability for probation. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978); *Toohill*, 103 Idaho at 567, 650 P.2d at 709. If the sentencing court has sufficient information at the time of sentencing to determine that a suspended sentence and probation would be inappropriate under the factors articulated in I.C. § 19-2521, refusal to retain jurisdiction will not be deemed an abuse of that discretion. *Id.* The record in this case shows that the court considered the statutory criteria for ordering Matthews confined, as opposed to granting probation. We further hold that the presentence investigation report and the evidence given at the sentencing hearing supplied the court with sufficient information to determine that incarcerating Matthews was necessary for the protection of the public. *See* I.C. § 19-2521(1). Accordingly, we find no abuse of discretion.

**CONCLUSION**

Based on the foregoing, we conclude that Matthews has failed to show that reversible error occurred at his trial, or that he is entitled to relief from his sentences. Therefore, his judgments of conviction, in-

cluding his four concurrent fifteen-year sentences, are affirmed.

LANSING and PERRY, JJ., concur.