878 P.2d 810

STATE of Idaho, Plaintiff–Respondent,

v.

Thomas G. SHEAHAN, Defendant–Appellant.

No. 20654.

Court of Appeals of Idaho.

July 20, 1994.

Marty M. Raap, Wallace, for appellant.

Larry EchoHawk, Atty. Gen., Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

WALTERS, Chief Judge.

Thomas Sheahan was convicted on two counts of vehicular manslaughter, I.C. § 18–4006(3). On appeal, he asserts that the district court committed reversible error in allowing the former prosecuting attorney—who had been present at the scene of the crime—to testify before the jury at trial. For the reasons explained below, we find no error and affirm the convictions.

During the very early hours of August 20, 1992, a Shoshone County emergency medical technician responded to a report of an automobile accident in which Sheahan had been the driver. According to the emergency technician, Sheahan was aggressive and uncooperative at the scene, and got back into his car and sped away down the Coeur d'Alene River Road. In the car with Sheahan were his brother, Bill, who was in the front passenger seat, and Keith Olson and Perry Padley, who were in the back seat.

Only four minutes later Deputy Sheriff Mitch Alexander encountered Sheahan's car, which had been nearly ripped in two after crashing into a lane barrier. Alexander testified that when he stopped at the scene, he observed Sheahan in the driver's seat of the car and Sheahan's brother in the front passenger seat; both were unconscious. Olson had been partly ejected from the car and was dead. Padley had been completely ejected from the car and was found in the middle of the road. He, too, was dead.

Sheahan and his brother soon regained consciousness; they were stumbling and exuded a strong odor of alcohol. John Rose, who was the Prosecuting Attorney for Shoshone County at the time, arrived at the scene in response to a call from the county sheriff's dispatcher. Rose spoke to deputy Alexander, who identified Sheahan as the person who had been unconscious behind the wheel of the vehicle when he arrived. Rose then directed deputy Alexander to obtain a search warrant to test the blood of Sheahan and his brother. A laboratory analysis of the blood taken showed an alcohol concentration of .16 in each of the men. The presence of marijuana was also detected.

Sheahan subsequently was charged with two counts of vehicular manslaughter, I.C. § 18–4006(3). The information alleged that Sheahan drove a motor vehicle under the influence, or with gross negligence, resulting in the accident that killed Olson and Padley. In defense of these charges, Sheahan testified that he was not the driver of the vehicle. In support of this defense, counsel pointed to the fact that blood samples had been ordered for *both* Sheahan and his brother, raising the inference that the officials at the scene were uncertain as to who actually had been the driver. To rebut this inference, the State called Rose to explain why he had directed blood be taken from both men, rather than from Sheahan only. Sheahan objected to the testimony, asserting that Rose's involvement as a prosecutor barred him from testifying as a witness in the case. Noting that Rose no longer held a position as the county prosecutor, the court overruled the objection and allowed Rose to testify.

At the conclusion of the evidence, the jury returned verdicts finding Sheahan guilty on both counts. The district court then entered judgments of conviction, including two fixed, determinate sentences of ten years, and ordered that the sentences be served consecutively. I.C. § 18–308.

Sheahan's sole assignment of error is that the district court erroneously allowed Rose, the former prosecuting attorney for Shoshone County, to testify in the case. Sheahan contends that the testimony constituted reversible error under *State v. Griffith,* 94 Idaho 76, 481 P.2d 34 (1971). In that case,

the Supreme Court censured the practice of calling the prosecuting attorney to testify against a criminal defendant unless such testimony is absolutely essential. *See id.*, at 83, 481 P.2d at 41. The holding in *Griffith* is not controlling in this case. Rose was *not* the prosecuting attorney at the time he testified before the jury. Although he was the elected prosecuting attorney for Shoshone County at the time of the fatal accident and during the early stages of the investigation and prosecution of Sheahan, Rose no longer held office, nor was he employed as a prosecutor, at the time the case went to trial.

■ Further, as we noted in *State v. Bradley*, 120 Idaho 566, 817 P.2d 1090 (Ct. App.1991), the ethical principles underlying the prohibition in *Griffith* have since been changed. Unless precluded by conflict-of-interest rules, which are not applicable in this case, the current Rules of Professional Conduct expressly permit an attorney to participate as a witness in a case in which another attorney of the same firm or organization is an advocate. IDAHO RULES OF PROFESSIONAL CONDUCT 3.7(b); *Bradley*, 120 Idaho at 570, 817 P.2d at 1094. For these reasons, we conclude that *Griffith's* prohibition—to the extent it was based upon standards of professional ethics—did not preclude Rose from testifying against Sheahan.

Sheahan further maintains that because Rose had acted as a prosecutor during the initial stages of the proceedings, Rose owed a prosecutorial duty to refrain from giving evidence in the case or expressing a personal belief or opinion on Sheahan's guilt or innocence. *See* ABA Standards, The Prosecutorial Function, § 5.8(b). We note, however, that Rose did not appear in the case in a prosecutorial role, but was called as a fact witness to corroborate earlier testimony which the defense had questioned. Accordingly, the standards governing the prosecutor's role at trial were not implicated.

■ Finally, Sheahan argues that by virtue of Rose's appearance as the former prosecutor in the case, the jury may have given undue weight to Rose's testimony and the state's case in general. More specifically, Sheahan suggests that the jury could have inferred, from Rose's former involvement in the case, that Rose possessed superior knowledge of the facts and thus should be believed. Although we decline to engage in the conjecture urged by Sheahan, his argument does touch on the legitimate concern that prestige associated with the office of the prosecutor not be used to sway the jury. We addressed this concern in *Bradley*, observing that "where such perceived 'prestige' threatens to improperly influence the jury, the trial court must weigh the probative value of the testimony against any unfair prejudice which may result to the defendant before admitting the testimony into evidence." 120 Idaho at 570, 817 P.2d at 1094, *citing* I.R.E. 403. We review this weighing process under an abuse of discretion standard. *See State v. Matthews*, 124 Idaho 806, 864 P.2d 644 (Ct.App. 1993).

■ The record is clear that the district court engaged in the appropriate "weighing" function before permitting Rose to testify. In explaining its ruling, the court noted that Rose's testimony was corroborative and relevant to the issue of the driver's identity—the only issue disputed at trial. The court concluded that there was no showing that "any unfair advantage would be taken" of Sheahan by virtue of the fact that Rose had obtained his knowledge while still a prosecutor. The court then allowed Rose to testify for the limited purpose of corroborating statements made by the State's other witness. Finding no abuse in the exercise of this discretion, we uphold the district court's decision.

Sheahan has also assigned error to certain portions of Rose's testimony which allegedly went beyond the limited scope allowed by the court. However, because Sheahan did not object to or move to strike the testimony at trial, and hence did not preserve the alleged errors for review, we will not address these additional arguments on appeal. I.R.E. 103(a).

In conclusion, we find no error in the district court's decision to allow former prosecutor Rose to testify at trial. Therefore, we affirm Sheahan's judgments of conviction.

LANSING and PERRY, JJ., concur.