732 P.2d 336
**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael W. BRONSON, Defendant-Appellant.**

**No. 16408.**

Court of Appeals of Idaho.

Jan. 26, 1987.

---

Charles B. Lempesis, Post Falls, William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., David R. Minert, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

In a non-jury trial, Michael W. Bronson was found guilty of lewd conduct with a minor. On appeal he raises a single issue: whether the state met its burden of proving the specific intent element of the crime. We have reviewed the record and we affirm.

Bronson was charged, pursuant to I.C. § 18–1508,[1] with touching the genitals of his natural daughter, then under the age of sixteen, "with the intent to arouse, appeal to and gratify [his own] lust, passion and sexual desire...." The state called as its first witness an investigating officer who reported that Bronson had admitted having numerous manual-genital contacts with his four-year old daughter. He testified that Bronson explained his conduct as a form of "education," to teach his daughter the difference between "good touches" and "bad touches." The officer also reported that he was told by Bronson that Bronson had discussed this "teaching" method with the child's grandfather. The grandfather testi-

fied that he did not recall any conversation with Bronson "regarding his teaching her sexual conduct." The grandfather further stated that he was "surprised" by the allegations of sexual misconduct.

The victim was the only eye-witness to the crime called by the state. Although the victim was only five years old when she testified, the trial court found her to be a competent witness, while recognizing the difficulties of eye-witness proof presented by a child-victim in cases of this kind. Bronson's daughter testified that Bronson had touched and inserted his finger into her vagina; that he had asked her whether it felt good; and that she was told that she would be spanked if she told others about these acts. She also claimed that Bronson had put his face between her legs while she was clothed. She denied ever being told about "good" or "bad" touches.

Testifying in his defense, Bronson admitted that such manual contact occurred at three to four month intervals for a period of approximately two years, beginning when the child was three years old. However, he contended that these contacts were made as an "education" process to teach his daughter about "good" and "bad" touches. He testified that he was concerned about child abuse and molestation, and, because he was unable to locate satisfactory educational materials, resorted to physical demonstrations with his daughter. According to Bronson, the victim's mother encouraged and observed the first two of these training sessions. Upon their subsequent separation and divorce, Bronson obtained custody of the child and continued this "education" procedure. He described his search for information and his instructional sessions with his daughter, in great detail. He claims to have found actual

---

1. Idaho Code § 18–1508 provides:

   *Lewd conduct with minor or child under sixteen.*—Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve a minor or child in any act of bestiality or sado-masochistic abuse or lewd exhibition as any of such acts are defined in section 18–1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

contact necessary because other resources and methods were non-specific, or were potentially ambiguous or would be confusing to the child. He asserted that his former wife suggested using the physical instruction method and that he reluctantly agreed.[2] According to Bronson, the sessions were repeated as a form of testing or review. He testified that if his finger did enter his daughter's vagina, it was by accident during an instruction session.

Acquaintances of Bronson confirmed that he was concerned about molestation, and made use of "good touch—bad touch" terminology when addressing his daughter. However, none of these witnesses were present during any physical demonstration session nor were they aware that such procedures actually were being used. Bronson denies possessing the required criminal intent because he was acting in his role as caretaker of the child.

At the conclusion of the trial, the court rendered its verdict, finding Bronson guilty as charged. The trial judge commented that he was not sitting in judgment of the propriety of the claimed educational method. Instead, he simply found the testimony of Bronson "incredible" and "beyond belief." Obviously, the court did not find Bronson's testimony to be an accurate report of his motivation.

We are asked to hold that, nevertheless, the state did not meet its burden of proving the "intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of the [defendant]." Aside from the victim's description of the acts, no direct evidence of intent to sexually arouse or gratify was offered. However, where specific intent is an essential element of a crime, it is sufficient to show that intent by circumstantial evidence. Direct evidence of such intent is not required. "One's intent may be proved by his acts and conduct, and such is the usual and customary mode of proving intent." *Ex Parte Seyfried*, 74 Idaho 467, 470, 264 P.2d 685, 687 (1953). The question of whether the defendant possessed the necessary intent to commit the offense is for the fact-finder,

State v. Gailey, 69 Idaho 146, 204 P.2d 254 (1949); *State v. Andreason*, 44 Idaho 396, 257 Pac. 370 (1927), here, the judge sitting without a jury. Moreover, on appeal, "[u]nless it can be said that the facts proven afford no reasonable ground for the inference drawn by the [fact-finder] from the outward acts and conduct of the accused herein, as well as from the surrounding circumstances, we would not be justified in disturbing the verdict on the ground of the insufficiency of the evidence to show a felonious intent." *Andreason* at 400, 257 P. at 371. Therefore, our task on this appeal is to determine whether the criminal intent found by the trial court is supported by the evidence. Furthermore, when reviewing the sufficiency of evidence in a case, we are precluded from substituting our judgment for that of the judge as finder-of-fact as to the credibility of witnesses, weight of the testimony, and reasonable inferences to be drawn from the evidence. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983).

Here, the defendant admitted the acts necessary to a finding of guilt. The state presented competent evidence that the defendant was unusually concerned with molestation. The victim described the manner and discomfort of the acts in question. She disputed Bronson's position that he was instructing her on "good" and "bad" touches. The trial court apparently was persuaded by the victim's account of the event. From the description given of Bronson's conduct and the surrounding circumstances the judge was entitled to infer that Bronson acted with the required criminal intent and not with any other, noncriminal intent. We hold the evidence was sufficient to support the verdict.

The judgment of conviction is affirmed.

BURNETT and SWANSTROM, JJ., concur.

---

2. Bronson's former wife was not called to testify    by either party.