856 P.2d 108

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William FRY, A/K/A William "Billy" Pruit, Defendant–Appellant,**

and

**Justin Becker, Defendant.**

No. 19694.

Court of Appeals of Idaho.

July 16, 1993.

**72**

Terry S. Ratliff, Mountain Home, for appellant.

Larry EchoHawk, Atty. Gen., and Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

William Fry appeals from his conviction for grand theft following a jury trial. The sole issue on appeal is whether there was sufficient evidence to establish that the value of the property over which Fry exercised unauthorized control exceeded $150, the threshold value for grand theft under I.C. § 18–2407(1)(b)(1). We find that the verdict was supported by substantial evidence and, therefore, affirm the conviction.

During the early morning hours of December 10, 1990, there was a break-in at the "Bargain Basement," a store in Mountain Home, Idaho, where goods were sold on consignment. Merchandise was stolen during the break-in. Fry was arrested in connection with the incident and charged with first-degree burglary and grand theft.

At Fry's trial the state's key witness was Justin Becker who had previously pled guilty to burglary charges stemming from the Bargain Basement break-in. Becker testified that on the night in question he, Becker, gained entry to the Bargain Basement by breaking through a door window. He stated that both he and defendant Fry then entered the building, removed numerous items from the store, loaded the items into the trunk of Fry's car, drove to Becker's apartment, and stowed the items inside the apartment. On Becker's insistence, they returned for a second load. Becker further testified that on the following night Fry returned to Becker's apartment, concerned that the police suspected the two of committing the break-in. Fry wanted to dispose of the stolen property to avoid apprehension, so Fry and Becker took some of the items in Fry's car to a rural road in the vicinity of Glenns Ferry, Idaho, where they threw the items into a field. They then returned to Becker's apartment, and Becker hid the remaining stolen merchandise under the porch of his apartment building.

Those items that were concealed under the porch were ultimately recovered by the police. There was testimony by the store owner that the value of the recovered goods was about $150 and that the value of all of the stolen merchandise, including the unrecovered items, was $400 to $500.

At trial, Fry took the stand in his own defense and directly controverted parts of Becker's testimony. Fry admitted that he briefly entered the Bargain Basement after Becker broke in, but said that he declined to help Becker remove anything and that he left the scene without having participated in the theft. Fry did admit, however, that at Becker's request he used his car the next night to help Becker dispose of some of the items from the store. Fry confirmed Becker's testimony that the two transported some of the contraband to a rural area where they threw it out. Fry also admitted that he knew these items were stolen property.

The crimes with which Fry was charged were first-degree burglary, I.C. §§ 18–1401, 18–1402 and grand theft by unauthorized control, I.C. §§ 18–2403(3), 18–2407(1)(b)(1). At trial, the jury was instructed on grand theft and the lesser included offense of petit theft as well as burglary and the lesser included offense of unlawful entry. The jury found Fry guilty of grand theft but was unable to reach a verdict on burglary or the lesser offense of unlawful entry. Fry now appeals from the grand theft conviction.

Fry contends that the evidence produced at trial does not support a jury finding that the value of the property over which he exercised unauthorized control exceeded $150. He reasons that because the jury was unable to reach a verdict on the burglary and unlawful entry charges, the grand theft conviction could not be based upon the removal of merchandise from the store at the time of the break-in, and the jury could not have properly relied upon the total value of *all* the stolen goods to support the grand theft verdict. Fry acknowledges that his admission to helping dispose of part of the contraband establishes guilt of theft, but maintains that he could properly be convicted only of petit theft, a misdemeanor, because there was no direct testimony that the discarded portion of the stolen goods was worth more than $150.

Although the issue is not clearly articulated in his brief, Fry seems to imply that because there was a hung jury on the burglary and unlawful entry charges, impermissibly inconsistent verdicts would be produced if the grand theft conviction were premised upon the theft of goods during the break-in. Because we conclude that there was sufficient evidence that the items that Fry admitted discarding were worth more than $150, we need not determine whether the jury could have properly found Fry guilty of grand theft for stealing goods during the break-in while failing to find him guilty of burglary or of unlawful entry for the same acts.

We review the record to determine whether there was substantial and competent evidence to sustain the grand theft verdict. We will not set aside the jury verdict if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Filson*, 101 Idaho 381, 613 P.2d 938 (1980); *State v. Decker*, 108 Idaho 683, 701 P.2d 303 (Ct. App.1985). Jurors are permitted to draw any reasonable inferences from the evidence presented. *State v. Warden*, 100 Idaho 21, 592 P.2d 836 (1979); *State v.*

*Gibson*, 106 Idaho 491, 681 P.2d 1 (Ct.App. 1984). We are precluded from substituting our judgment for that of the jury as to the credibility of witnesses, the weight of the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Campbell*, 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983). On appeal, where a defendant stands convicted, the evidence will be viewed in the light most favorable to the prosecution. *State v. Fenley*, 103 Idaho 199, 646 P.2d 441 (Ct.App.1982).

The jury here heard store owner Marge Streeter's testimony that the value of all of the stolen property was in the range of $400 to $500. Ms. Streeter also stated that the items recovered by police from under the porch of Becker's apartment were worth about $150 and that some of the more expensive objects were still missing. At trial Becker was asked what happened to the items that were not recovered. He responded, "I don't recall anything else being destroyed, other than the things that we took to Glenns Ferry." From this testimony the jury could have reasonably inferred that Fry had helped dispose of all of the property that was not recovered and that its value was between $250 and $350. Moreover, Ms. Streeter stated that the unrecovered merchandise included a set of crystal bowls that had been priced by the consignor at $97 but "were probably worth twice that." Becker testified that the discarded items also included a stone table, a lamp and some plates. We conclude that the foregoing evidence, and the justifiable inferences which could be drawn from it, support a finding that the property over which Fry admitted exercising unauthorized control was of a value exceeding $150.

Because the jury's verdict is supported by substantial evidence it will not be disturbed.

The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.