894 P.2d 163

STATE of Idaho, Plaintiff–Respondent,

v.

Ethan John Charles GUMS, Defendant–Appellant.

No. 21152.

Court of Appeals of Idaho.

April 5, 1995.

Kevin M. Rogers, Jerome, for appellant.

Larry EchoHawk, Atty. Gen. and Douglas A. Werth, Deputy Atty. Gen., Boise, for respondent.

LANSING, Judge.

Ethan J. Gums was found guilty of petit theft following a trial to the district court sitting without a jury. On this appeal from the judgment of conviction Gums challenges the exclusion of certain testimony and the sufficiency of the evidence to sustain the finding of guilt. We find no error in the district court's evidentiary ruling, and we conclude that substantial evidence supports the finding that Gums committed petit theft. Therefore, we affirm.

Gums was employed at the Target Department Store in Twin Falls, Idaho. On January 1, 1993, Gums was stationed at the cash register in the camera and sound department. A security officer at the Target store elected to train the store's video surveillance system on Gums's work station that day because Gums had been linked to each of four or five recent cash shortages at Target cash registers. The videotape, which was introduced into evidence at Gums's trial, showed that he removed currency from the cash register and placed it in a Target cash bag. Several times throughout the day he removed this currency, counted it and then returned it to the cash bag. The videotape further shows that at about 4:20 p.m., Gums put his right hand inside the cash bag, removed his right hand in a fist, put his right hand into his left hand as though transferring something, and then placed his left hand into his pants pocket. About two minutes later, the security officer and other Target

employees approached Gums, looked inside the cash bag and saw that it was empty, and asked Gums to accompany them to the manager's office. Gums immediately began to remove the money from his pocket and said, "Here it is," but the security officer asked him to wait until they reached the office. Once in the manager's office, the security officer asked Gums for the money from the cash register, whereupon Gums removed $404 from his left pants pocket and handed it to the security officer.

Gums was charged with grand theft and pleaded not guilty. At his court trial Gums testified that he initially placed currency in the cash bag because a customer had paid for a large purchase with one dollar bills, and Gums was unable to get all of the bills into the drawer of the cash register. He claimed that he had made a telephone request to a supervisor for assistance in handling the money. Gums admitted that he later placed currency from the cash bag into his pocket, but denied an intent to steal. He testified that he took the money out of the bag to return it to the cash register but, because a customer appeared and needed help, he put it in his pants pocket until he could complete the sale. At another point in his testimony he said he had seen a cashier supervisor approaching and, anticipating that she was coming to help him, removed the money from the bag before seeing the supervisor turn to go to a different department.

The district court found Gums guilty of theft of currency, but found that the State had not proved that the amount taken exceeded $150. Therefore, Gums was convicted of petit theft, I.C. § 18–2407(2), rather than grand theft.

## I.

■ Gums assigns as error the district court's exclusion of testimony of Barbara Davis, the aunt of Gums's common-law wife, regarding the Target store's money handling procedures. Ms. Davis testified that she had knowledge of Target's money-handling procedures through what she had observed while shopping in the store. Defense counsel then asked her to explain what she had seen that made her aware of the store's procedures for handling money. The court sustained an objection to this question on the ground of irrelevance and lack of foundation. The court observed that the testimony would be irrelevant because Gums was not contending he had followed store procedures but, rather, had testified that he was not aware of the proper procedures for carrying money because he had not been adequately trained.

■ The relevancy of evidence is a question of law over which we exercise *de novo* review. *State v. Raudebaugh,* 124 Idaho 758, 764, 864 P.2d 596, 602 (1993). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. In this case Gums did not contend that placing the store's money in his pocket was consistent with store policy regarding the handling of cash. Therefore, we agree with the district court's conclusion that the proffered testimony was not relevant.

## II.

■ Gums next asserts that a conviction for theft under Idaho law requires proof of asportation or carrying away of the stolen property. He asserts that because he never left the store with the Target money, this element of the offense was not proven. Gums cites neither a statutory basis for this proposition nor any Idaho case authority holding that asportation is a required element of theft.[1]

Gums was charged with violation of I.C. § 18–2403(1), which defines the offense as

---

1. There is authority that asportation was a requirement of the former crime of larceny. *State v. Jesser,* 95 Idaho 43, 52–53, 501 P.2d 727, 736–737 (1972). However, in 1981 the larceny statute was repealed and replaced by the theft statute under which Gums was charged. 1981 Idaho Sess.Laws 319. *See also* I.C. § 18–2401(1).

Even with respect to the former larceny offense, the asportation requirement was "deemed satisfied if the intended movement of the property contrary to the rights of the owner is obviated by apprehension." *Jesser,* 95 Idaho at 53, 501 P.2d at 737.

follows: "A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." The word "obtain," as used in Section 18–2403(1), is defined as: "In relation to property, to bring about transfer of an interest or possession, whether to the offender or to another...." I.C. § 18–2402(4)(a). Nothing in Section 18–2403(1) or in the definition of "obtain" requires that the property be carried away from the owner's premises in order for the crime to be complete. A transfer of *possession* with the intent to deprive the owner of the property is sufficient. In the absence of any statutory provision or Idaho case authority supporting Gums's argument, we hold that asportation is not a required element of theft under I.C. § 18–2403(1).

### III.

■ Finally, Gums argues that the evidence was insufficient to support the trial court's finding that Gums committed theft. In particular, Gums contends the State failed to prove he intended to keep the money when he put it in his pocket.

The finding of guilt will not be set aside on appeal if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Filson,* 101 Idaho 381, 613 P.2d 938 (1980); *State v. Fry,* 124 Idaho 71, 73, 856 P.2d 108, 110 (Ct.App.1993). The trier of fact is entitled to draw reasonable inferences from the evidence presented. *Id.; State v. Gibson,* 106 Idaho 491, 493, 681 P.2d 1, 3 (Ct.App.1984). When a defendant has been convicted, the evidence will be viewed in the light most favorable to the prosecution, *State v. Fenley,* 103 Idaho 199, 204, 646 P.2d 441, 446 (Ct.App.1982); *State v. Fry, supra,* and the reviewing court may not substitute its judgment for that of the trier of fact as to the credibility of witnesses, the weight of the evidence, and the inferences to be drawn therefrom. *State v. Warden,* 100 Idaho 21, 23, 592 P.2d 836, 838 (1979); *State v. Campbell,* 104 Idaho 705, 662 P.2d 1149 (Ct.App.1983).

■ Gums correctly points out that the requisite mental state is an element which must be proved beyond a reasonable doubt by the prosecution. *State v. Erwin,* 98 Idaho 736, 739, 572 P.2d 170, 173 (1977). However, direct evidence of intent is not required. This element may be shown by circumstantial evidence, and a defendant's intent may be proved by his acts and conduct. *Ex parte Seyfried,* 74 Idaho 467, 470, 264 P.2d 685, 687 (1953); *State v. Bronson,* 112 Idaho 367, 369, 732 P.2d 336, 338 (Ct.App.1987). *See also* I.C. § 18–115. The district court here found that Gums pocketed the store's cash with the intent to deprive Target of the money. On our review of the trial record we find substantial evidence to support this finding. First, Gums acted in a surreptitious manner when he removed the money from the cash bag and transferred it to his pocket. On that occasion, he held the currency wadded up in his fist as if to conceal it from view and in a furtive maneuver transferred the money from one hand to the other before depositing it in his pocket. This style of handling the money, concealing it from view, contrasted with all of the other instances recorded on the videotape throughout the day when Gums placed cash in or removed it from the cash bag, handling it in an open and visible manner.

Second, it is significant that when he was apprehended by store personnel, Gums did not deny wrongdoing. Upon being asked to go with the security officer to the store manager's office, and before he had been accused of theft, Gums reached into his pocket and said, "Here it is." The district court could reasonably infer that this was the conduct of a person who recognized that he had been caught in the act of stealing.

Third, Gums's explanation of why he put the money in his pocket could properly have been rejected by the district court for lack of credibility. Gums testified that he removed the money from the cash bag because he was going to put it in the cash register drawer, but then stuffed it in his pocket in order to first serve a customer. His assertion that he was going to return it to the cash register is inconsistent with his explanation of why he placed the money in the cash bag in the first

**934**

place—because there was no room for it in the cash register. The quick and furtive movement by which Gums removed the currency from the cash bag and immediately transferred it to his pocket could also have led the district court reasonably to doubt Gums's explanation that he took the money out of the bag because he mistakenly believed that a cashier supervisor was coming to help him handle the currency.

Gums places great emphasis on testimony that he had money of his own in both his right and left pants pockets. Even if true, however, this evidence would not absolve Gums of guilt. Gums admitted at trial that he had placed the currency from the cash bag into his pocket, so at least part of the money that he handed to the security officer after apprehension was cash belonging to Target. The district court took into account Gums's claim that part of the cash was his own when the court found that the State failed to prove beyond a reasonable doubt that the amount stolen exceeded $150, which was then the threshold amount for grand theft. *See* I.C. § 18–2407(1)(b).[2] The fact that Gums also had his own money on his person when he was apprehended has no relevance to whether he intended to steal the Target cash that he admits having placed in his pocket.

 In support of his argument that intent has not been proved, Gums relies upon *State v. Anderson,* 102 Idaho 464, 466, 631 P.2d 1223 (1981) and *State v. Erwin,* 98 Idaho at 740–41, 572 P.2d at 174–75, for the proposition that, although intent may be proven by circumstantial evidence, such evidence must not only be consistent with guilt but must also be inconsistent with any reasonable theory of innocence. This rule is of no avail to Gums, however, for, "The reasonableness of a hypothesis consistent with innocence must be determined from the evidence, including justifiable inferences...." *State v. Fenley,* 103 Idaho at 204, 646 P.2d at 446; *State v. Slawson,* 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct.App.1993). Thus, a finder of fact need not accept an explanation of

circumstantial evidence that is consistent with innocence if that explanation is unreasonable or implausible. As noted above, the district court here was justified in finding that Gums's explanation of his actions was not reasonable or credible. In addition, the district court reasonably could have concluded that the furtiveness of Gums's physical action in pocketing the money was not compatible with an innocent intent.

Having thoroughly reviewed the trial record we conclude that the district court's finding that Gums was guilty of petit theft is supported by substantial evidence.

### IV.

We find no error in the district court's exclusion of the proffered testimony of Barbara Davis regarding her observations of money-handling procedures at the Target store or in the district court's conclusion that asportation is not an element of the crime of theft under I.C. § 18–2403(1). We also conclude that the trial record includes substantial evidence to support the finding of guilt. Therefore, Gums's judgment of conviction for petit theft is affirmed.

WALTERS, C.J., and PERRY, J., concur.

---

2. In 1994, I.C. § 18–2407(1)(b) was amended to raise this threshold value to $300. 1994 Idaho Sess.Laws 1089, 1097–98.