11 P.3d 494

STATE of Idaho, Plaintiff-Respondent,

v.

James A. NORTON, Defendant-Appellant.

No. 25501.

Court of Appeals of Idaho.

Sept. 18, 2000.

877

Ronaldo A. Coulter, Appellate Public Defender; Sara B. Thomas, Deputy Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Rebekah A. Cude, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

James A. Norton appeals from his judgments of conviction and sentences entered following jury verdicts of guilty of rape, I.C. § 18–6101, and first degree kidnapping, I.C. § 18–4502. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

In September 1995, Norton persuaded the victim to allow him to enter her apartment under the guise of needing to use her telephone. After gaining entry, Norton grabbed the victim by the neck. Norton threatened the victim and her infant son and then raped her while she held her son in her arms. Before leaving the apartment, Norton bound the victim's wrists and tied her to the headboard of her bed with an electrical cord cut from her radio.

Twenty-five days later, Norton persuaded another woman to allow him to enter her apartment, also by requesting to use her telephone. After entering her apartment, Norton knocked the woman down and held her against her will. Norton then forcibly pushed the woman towards her door, at which point the woman was able to break away from Norton's grasp and flee.

In November 1995, Norton was incarcerated for grand theft and felony eluding a peace officer. While Norton was incarcerated, the police were able to match Norton's fingerprints to those found on a note located near the scene of the September rape.

Norton was arrested and charged with rape and first degree kidnapping in connection with the two incidents. A jury found Norton guilty of both charges. For rape, the district court sentenced Norton to a unified term of life, with a minimum period of confinement of thirty-five years. For first degree kidnapping, the district court sentenced Norton to a unified term of life, with a minimum period of confinement of twenty-five years. The district court ordered that the sentences run concurrent. Norton appeals.

## II.

## ANALYSIS

### A. Authentication

On appeal, Norton argues that the district court erred in admitting two exhibits over his objections that the state failed to lay a proper foundation prior to their admission. Specifically, Norton contends that the admission of state's exhibits numbers thirteen and twenty-five, both fingerprint exhibits, was error because they were admitted in the absence of certificates of authenticity. The decision whether to admit evidence at trial is generally within the province of the trial court. A trial court's determination that evidence is supported by a proper foundation is reviewed for an abuse of discretion. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct.App.1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992).

### 1. Exhibit Thirteen

Exhibit thirteen is a photocopy of a fingerprint card containing Norton's fingerprints, which was obtained from the Department of Law Enforcement by a crime lab supervisor at the Boise Police Department. During trial, the crime lab supervisor testified that the fingerprints from exhibit thirteen matched those found on a note located near the scene of the September rape. Norton argues that prior to the admission of exhibit thirteen, the state failed to properly authenticate the exhibit as required under Idaho law.

Norton argues that the authentication of an official fingerprint card is governed by I.C. § 9–315(6) and that, according to I.C. § 9–315(6), fingerprint cards must be certified by the legal keeper thereof to be properly authenticated. The state correctly asserts that the admission of evidence at trial is governed by the Idaho Rules of Evidence

and, in this instance, by Rule 902 and Rule 1005. However, the state concedes that, even under the correct standard, the foundation by the state for exhibit thirteen fails to comply with the requirements for admission. Consequently, the district court erred in admitting exhibit thirteen over Norton's objection for a lack of foundation.[1]

However, an error on the part of the district court, standing alone, does not provide grounds for reversal. A defendant is entitled to a fair trial, but not a perfect trial. *State v. Enno,* 119 Idaho 392, 408, 807 P.2d 610, 626 (1991); *State v. Estes,* 111 Idaho 423, 428, 725 P.2d 128, 133 (1986). Erroneously admitted evidence is harmless if the appellate court is able to say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. *State v. Parkinson,* 128 Idaho 29, 37, 909 P.2d 647, 655 (Ct.App.1996).

Norton argues that the error in admitting exhibit thirteen was prejudicial. Norton contends that, without the benefit of exhibit thirteen, the state would have been unable to either identify Norton as the September rapist or place Norton at the scene of the crime. Norton's argument, however, fails to take into account the multitude of other sources of information from which the jury would have come to the same conclusion regarding Norton's guilt. First, the victim identified Norton at trial as the person who was in her apartment the day of the rape. Second, a police detective testified at trial that Norton confessed to the rape during a taped interview. Third, a taped conversation was admitted at trial that revealed that Norton admitted to the rape during a phone call to his grandmother. Last, at trial the prosecution's fingerprint expert testified that the state's computerized fingerprint identification system registered a positive match between fingerprints from the scene of the rape and Norton's fingerprints. Considering the totality of the evidence, we are persuaded beyond a reasonable doubt that the exclusion of state's exhibit thirteen would not have led to

a different verdict. Therefore, we hold that the admission of exhibit thirteen into evidence was harmless.

## 2. Exhibit Twenty–Five

Norton also challenges the admission of state's exhibit twenty-five, an enlargement of comparative fingerprints propounded for illustrative purposes. Norton argues that the district court erred in admitting exhibit twenty-five over his objection for a lack of foundation. The state responds that Norton's objection to exhibit twenty-five below was insufficient to preserve the issue for appeal.

It is a fundamental tenet of appellate law that a proper and timely objection must be made in the trial court before an issue is preserved for appeal. If not raised below, the objection may not be considered for the first time on appeal. *State v. Johnson,* 126 Idaho 892, 896, 894 P.2d 125, 129 (1995); *State v. Rozajewski,* 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). Nevertheless, we may consider fundamental error in a criminal case, even though no objection was made at trial. *Johnson,* 126 Idaho at 896, 894 P.2d at 129; *State v. Bingham,* 116 Idaho 415, 423, 776 P.2d 424, 432 (1989); *Rozajewski,* 130 Idaho at 645, 945 P.2d at 1391. A fundamental error is one that so profoundly distorts the proceedings that it produces manifest injustice, depriving the criminal defendant of the fundamental right to due process. *State v. Hadley,* 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct.App.1992). However, an abuse of discretion in admitting evidence does not constitute fundamental error because it does not go to the foundation of the case or take from the defendant a right which was essential to his or her defense. *Bingham,* 116 Idaho at 423, 776 P.2d at 432. Thus, the admission of exhibit twenty-five in the instant case does not constitute fundamental error.

We must determine, therefore, whether the objection used by Norton was

---

1. We note, however, that had the district court made the correct ruling and sustained the objection, the lack of foundation may have been readily cured by the state. In addition, no evidence

was presented by Norton in an attempt to show that the fingerprints belonged to anyone other than Norton.

sufficient to properly preserve the issue for appeal. For an objection to be preserved for appellate review, the specific ground for the objection must be clearly stated. I.R.E. 103(a)(1); *State v. Gleason*, 130 Idaho 586, 592, 944 P.2d 721, 727 (Ct.App.1997). Objecting to the admission of evidence on one basis does not preserve a separate and different basis for exclusion of the evidence. *State v. Higgins*, 122 Idaho 590, 596, 836 P.2d 536, 542 (1992); *Gleason*, 130 Idaho at 592, 944 P.2d at 727.

At trial, Norton objected to the admission of exhibit twenty-five on the basis of best evidence. I.R.E. 1003. On appeal, Norton argues that the district court erred in admitting exhibit twenty-five on the basis of lack of foundation. Because Norton did not object to the admission of exhibit twenty-five on the basis of a lack of foundation below, we decline to address the merits of an objection on that basis.

## B. Sufficiency of the Evidence

■■■ Norton argues that there was insufficient evidence to support the jury's verdict of guilty for the offense of first degree kidnapping. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Specifically, Norton contends that the evidence presented at trial failed to prove that he committed the kidnapping for the purpose of raping the victim. Idaho Code Section 18–4502 requires that, in order to rise to the level of kidnapping in the first degree, the kidnapping be committed for one of a number of enumerated purposes, including rape. Therefore, Norton argues that without proof of his intent to commit rape, his judgment of conviction for first degree kidnapping should be set aside.

■■■ Norton contends that the evidence presented at trial demonstrated that his intent upon entering the apartment was to obtain money, not rape the victim. Where specific intent is an essential element of the crime, as in this case, direct evidence of such intent is not required. *See State v. Bronson*, 112 Idaho 367, 369, 732 P.2d 336, 338 (Ct. App.1987). Instead, such intent may be proven through the use of circumstantial evidence, such as evidence of the defendant's acts and conduct. *Id.*

During an interview with police, Norton stated that the reason he asked the victim for a glass of water was to be able to get farther into the apartment. Later in the interview, Norton stated that he attempted to force the victim to close the door to her apartment "so that nobody [could] hear what was going on." The victim testified that Norton shoved, pushed, or grabbed her, and she fell down on her back with Norton on top of her. The victim then testified that she began to scream, at which point Norton asked her if anyone was in the house. Norton never asked for money or in any other way displayed to the victim his alleged intent to rob her. Additionally, the jury was free to consider the strikingly similar circumstances of Norton's rape of his earlier victim.

■■■ Norton asks us to hold, in spite of this evidence, that the state failed to meet its burden of proving the requisite intent to rape. We decline to do so. The question of whether Norton possessed the necessary intent to commit the offense is one for the factfinder. *See Bronson*, 112 Idaho at 369, 732 P.2d at 338. In this case, the jury found Norton guilty of kidnapping in the first degree. Unless it can be said that the facts

proven afford no reasonable ground for the inferences drawn by the jury from the outward acts and conduct of the accused herein, as well as from the surrounding circumstances, we would not be justified in disturbing the verdict on the ground of insufficiency of the evidence. *Id.* In this case, the circumstantial evidence is consistent with the jury's verdict. Therefore, we hold that there was substantial competent evidence upon which the jury could rely in determining that Norton possessed the intent to rape the victim at the time he committed the kidnapping.

### C. Sentences

■ Norton was sentenced to a unified term of life, with a minimum period of confinement of thirty-five years, for rape and a unified term of life, with a minimum period of confinement of twenty-five years, for first degree kidnapping. The district court ordered that the sentences run concurrent. On appeal, Norton argues that his sentences are excessive in light of his young age and willingness to take part in rehabilitative programs. Norton also asserts that the crime was a result of a substance abuse problem.

■ An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confinement is reasonable, however, if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). When reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable period of confinement. *State v. Hodge,* 124 Idaho 927, 929, 866 P.2d 184, 186 (Ct.App.1993).

The record in this case shows that Norton, although only twenty-three years old at the time of sentencing, is a substance abuser and violent repeat offender who has shown a pervasive pattern of disregard for and violation of the rights of others. Norton's judgments of conviction stem from two separate incidents both of which involved violence. Norton raped the first victim in the presence of her infant son. During this incident, Norton held a knife to the victim's throat, threatened to harm her son, and eventually gagged her and tied her to the bed with a radio cord.

Twenty-five days later, Norton persuaded another woman to allow him to enter her apartment. Norton proceeded to knock the woman to the ground while landing on top of her. After questioning the woman as to the number of occupants in the house, Norton attempted to force the woman to close the front door of her apartment to insure that her neighbors did not hear what was going on. In both instances, Norton achieved entry into the victim's home through the use of deception.

At the time he was charged in these cases, Norton was in custody for two other felonies—grand theft and eluding a peace officer. According to the presentence investigation report (PSI), Norton also has a lengthy criminal record. Norton has felony convictions for residential burglary, grand larceny, and resisting an officer. Norton also has misdemeanor convictions for petit theft and bad checks.

Additionally, a psychological evaluation of Norton in 1996 stated that Norton "exhibits clear signs of antisocial disorder" and noted "how closely Mr. Norton resembles a classic psychopath based on information from his history and interview." This report goes on to describe Norton as having a dual diagnosis of a drug problem and a psychiatric condi-

tion, thereby making it difficult for Norton to comply with psychiatric treatment. The psychological evaluation of Norton in the instant case mirrors the findings made in the 1996 report. In this report the psychologist noted that "while in the community on alcohol and drugs [Norton's] probability of committing a sexual, assaultive offense in the future is extremely high." This report also found that Norton was in extreme need of sex offender treatment, but that Norton was an extremely poor candidate for such treatment.

Based on all of the available information, the district court fashioned Norton's sentences taking into account the four sentencing objectives of protection of society, rehabilitation, deterrence, and punishment. The district court addressed each of these in turn. The district court first addressed the protection of society, finding that Norton is very dangerous and a high risk to commit a sexual assault offense again if in the community and on drugs. After analyzing reports made by two independent experts concerning Norton's drug addiction and psychological status, the district court concluded that Norton's rehabilitation potential is low. The district court commented on the objective of deterrence, indicating that Norton's fixed term of confinement may not be yet long enough to deter Norton from engaging in further crimes. The district court also considered the state's legitimate interest in punishment. The district court paid particular attention to the heinous nature of Norton's crimes, the lasting harm inflicted upon the victims, and the fear and anxiety these offenses caused in the community.

The district court carefully considered all the appropriate sentencing factors and viewed the evidence presented in this case. Based on the record, we conclude that the district court did not abuse its discretion in sentencing Norton.

## III.

## CONCLUSION

We hold that the district court's admission of exhibit thirteen was harmless error. We further conclude that Norton failed to preserve his objection to the admission of exhibit twenty-five. We also conclude that the evidence was sufficient for the jury to find Norton guilty of first degree kidnapping. Finally, we conclude the district court did not abuse its discretion when it sentenced Norton to a unified life term, with a minimum period of incarceration of thirty-five years. Therefore, Norton's judgments of conviction and sentences are affirmed.

Judge LANSING concurs.

Judge SCHWARTZMAN, specially concurring.

I concur in the opinion of this Court. I specifically wish to limit my concurrence as to Count II (First degree kidnapping), however, to the issue presented, that is the sufficiency of the evidence relative to the specific intent element of "for the purpose of raping" the victim. I *seriously* question whether this incident was a "kidnapping" at all, as opposed to a burglary, i.e., a home entry with the intent to commit a felony, namely rape; and/or a battery with intent to commit rape or an attempted rape. *See People v. Stanworth,* 11 Cal.3d 588, 114 Cal.Rptr. 250, 522 P.2d 1058, 1065 (1974); *People v. Daniels,* 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225, 238 (Cal.) (movement merely incidental to commit the crime of rape is not kidnapping); *compare State v. Couch,* 635 P.2d 89 (Utah 1981). However, *this issue* is not before the Court on this appeal.

Moreover, even without the kidnapping conviction, defendant Norton stands convicted of the crime of rape, and is serving a longer sentence—one he richly deserves for his appalling and egregious conduct therein—on this charge than the one meted out for the "kidnapping."