**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42251**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 641** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  September 23, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CLIFFORD DANIEL SINGER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. Fred M. Gibler, District Judge.

Judgment of conviction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Clifford Daniel Singer appeals from the district court's judgment of conviction.  Singer claims there was insufficient evidence for the jury to convict him of burglary.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After renting a room for almost a month, Singer decided to move on short notice.  He contacted his landlord, seeking return of his $250 deposit.  When his landlord did not return the deposit, Singer took some of the landlord's personal property from the landlord's residence.  When the landlord discovered that some of his property was missing, he called the police.  An officer responded to the call, located Singer, and recovered the property.  A jury found Singer guilty of burglary.  He timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Singer argues that the evidence was insufficient in two respects. First, the evidence was insufficient to show that Singer intended to permanently deprive the landlord of his property. Second, the evidence was insufficient to show that Singer intended to commit theft when he entered the landlord's residence. Singer's arguments fail.

Every person who enters any house, room, or apartment with the intent to commit any theft, is guilty of burglary. Idaho Code (I.C.) § 18-1401. A person commits theft when, with intent to deprive another of property or to appropriate the same to himself, he wrongfully takes, obtains, or withholds such property from an owner thereof. I.C. § 18-2403. To deprive another of property means to withhold it permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to him. I.C. § 18-2402(3)(a).

The intent of the accused is a question of fact for the jury to determine. *State v. Bolton*, 119 Idaho 846, 851, 810 P.2d 1132, 1137 (Ct. App. 1991). Direct evidence as to intent is not required. *State v. Bronson*, 112 Idaho 367, 369, 732 P.2d 336, 338 (Ct. App. 1987). A jury may infer intent from the commission of acts and the surrounding circumstances. *State v. Nastoff*, 124 Idaho 667, 671, 862 P.2d 1089, 1093 (Ct. App. 1993).

Singer's first argument fails because, considering the evidence in the light most favorable to the prosecution, a jury could have inferred that Singer intended to permanently deprive the landlord of his property. Singer cites no case law to support his contention that he did not intend to permanently deprive the landlord of his property because he took it as collateral. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Additionally, the jury is not obligated to accept Singer's theory of the case. Based on the commission of the acts and the surrounding circumstances, there is substantial evidence upon which a reasonable juror could have found intent to permanently deprive beyond a reasonable doubt.

Singer's second argument fails for the same reason. That Singer expressed his intent after entering the residence does not mean the jury must conclude that intent was not formed prior to his entry. Additionally, the prosecution presented evidence that Singer entered and exited the apartment several times, giving Singer several opportunities to form the intent prior to entering the residence. Therefore, there was substantial evidence upon which a juror could have found intent to commit theft prior to entering the apartment beyond a reasonable doubt.

## IV.

## CONCLUSION

Based on the foregoing, we affirm the district court's judgment of conviction.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.

3